UNITED STATES of America and James L. Morris, Revenue Agent of the Internal Revenue Service, Appellees,

v.

The FIRST NATIONAL BANK OF MITCHELL and Quentin C. Morse, as its Cashier, Eldon D. Anthony and Kathleen A. Anthony, Appellants.

No. 82–1802.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1982.

Decided Oct. 20, 1982.

Rehearing and Rehearing En Banc Denied Nov. 30, 1982.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Charles E. Brookhart, William P. Wang, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellees; Ronald D. Lahners, U. S. Atty., Omaha, Neb., of counsel.

Eldon D. Anthony and Kathleen A. Anthony, pro se.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the district court's[1] enforcement of an Internal Revenue Service summons. The summons was issued to First National Bank of Mitchell for records pertaining to Eldon and Kathleen Anthony. The IRS filed a complaint in federal district court seeking enforcement of the summons. The Anthonys sought leave to intervene and filed a motion to dismiss. After a hearing on the motions, the trial court granted the motion to intervene, denied the motion to dismiss, and ordered enforcement of the summons. The Anthonys appeal.

The Anthonys' only claim of error is that the district court erred in not holding the enforcement hearing on the record with a reported transcript of the proceedings. Because of their constitutional objections to the summons, the Anthonys argue that a court reporter should have been present to provide a transcript of the proceedings.

The Federal Rules of Civil Procedure apply in summons enforcement proceedings. *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1970).

While the Anthonys made a motion to dismiss under Fed.R.Civ.P. 12, it was effectively converted into a motion for summary judgment (Fed.R.Civ.P. 56) when the parties submitted affidavits.[2] The Rules contemplate that decisions on motions may be made without a hearing. Fed.R.Civ.P. 78.

There is no absolute requirement that a hearing be evidentiary.[3] The hearing provided to the Anthonys does not appear to have been a full evidentiary hearing, but it was an adversary hearing sufficient to deal with the summary judgment question of whether there was a genuine issue of material fact and to protect the rights of the parties. *Donaldson,* 400 U.S. at 529, 91 S.Ct. at 541. Nor is there a requirement that a hearing be reported. When a transcript is not made or is otherwise unavailable, the Federal Rules of Appellate Procedure have established a specific process by which a record can be made. Fed.R.App.P. 10(c).[4] The Anthonys have made no attempt to make a record under Rule 10(c). Thus, the absence of an adequate record, if indeed the record is inadequate,[5] must be laid entirely at the Anthonys' feet.

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

2. "The trial court should have the authority to permit the introduction of extraneous matter, ... and if it does not exclude such matter the motion should then be treated as a motion for summary judgment." Notes of Advisory Committee on 1946 Amendment to Rule 12(b).

3. Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. *United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). However, this right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record. *E.g., United States v. Will,* 671 F.2d 963, 968 (6th Cir. 1982); *United States v. Kis,* 658 F.2d 526, 539–40 (7th Cir. 1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982); *United States v. Freedom Church,* 613 F.2d 316, 321 (1st Cir. 1979); *United States v. McCarthy,* 514 F.2d 368, 373 (3d Cir. 1975); *see United States v. Harris,* 628 F.2d 875 (5th Cir. 1980).

4. Rule 10(c) provides:

(c) *Statement of the Evidence or Proceedings When no Report Was Made or When the Transcript is Unavailable.* If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.

5. The Anthonys do not argue that they presented or attempted to present new evidence at the hearing not otherwise in the record, and the clerk's minutes of the hearing indicate that no evidence was offered by either side. Neither do they argue that a transcript would reveal holes in the IRS's case. The government notes that at the hearing, Mr. Anthony merely restated the arguments made in his written motion to dismiss. Finally, there is no indication that the Anthonys requested a court reporter to

█ Our review of the record supports the trial court's decision. The IRS established the elements of a prima facie case by showing that the investigation was being conducted pursuant to a legitimate purpose, that the inquiry might be relevant to that purpose, that the IRS did not already possess the information sought, and that the required administrative steps had been followed. *United States v. Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254; *e.g., United States v. Moon,* 616 F.2d 1043 (8th Cir. 1980). On this showing the burden shifted to the Anthonys to disprove one of these elements; that burden is a heavy one. *United States v. LaSalle National Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). The Anthonys argue that a federal grand jury in Colorado was investigating the National Commodity and Barter Association, of which they are members, and that the IRS has an institutional plan to prosecute Association members. However, by affidavits the IRS established (1) that the Colorado grand jury was investigating some members of the Association, but not the Anthonys, and (2) that the IRS has no present plan or intention to investigate or prosecute the Anthonys for criminal tax violations. The Anthonys showed no connection between the grand jury investigation, the Criminal Investigation Division of the IRS, and the summons at issue here. The Anthonys have thus failed to present evidence which raises a substantial question as to the good faith of the IRS.

█ Finally, the Anthonys' constitutional challenges are without merit. An IRS summons issued in accordance with *Powell* does not violate the Fourth Amendment. *United States v. Miller,* 425 U.S. 435, 444, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976). Nor will enforcement of the summons compel the Anthonys to be witnesses against themselves. *Fisher v. United States,* 425 U.S. 391, 397, 96 S.Ct. 1569, 1574, 48 L.Ed.2d 39 (1976). Lastly, the Anthonys argue that enforcement will interfere with their First Amendment right of association; this argument is also based on their membership in the National Commodity and Barter Association. However, the Anthonys presented no evidence that enforcement would burden their right to associate with other members, or that enforcement would have other specific adverse effects on protected rights. *United States v. Norcutt,* 680 F.2d 54, 56 (8th Cir. 1982); *United States v. Freedom Church,* 613 F.2d 316, 320 (3d Cir. 1979).

We affirm the enforcement of the summons.

be present or objected to the absence of a court reporter.