Paula **SERAMONE–ISAACS**,
Defendant Below,
Appellant,

v.

Victoria **MELLS** and Rashida Berry,
Plaintiffs Below, Appellees.

No. 34, 2003.

Supreme Court of Delaware.

Submitted: Feb. 2, 2005.

Decided: April 28, 2005.

**302**

James A. Haley, Jr., Esquire, Ferrara, Haley, Bevis & Solomon, Wilmington, Delaware, for appellant.

Keith E. Donovan, Esquire, Morris, James, Hitchens & Williams, Dover, Delaware, for appellees.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice.

This is an appeal from a final judgment that was entered in the Superior Court following a jury trial. The plaintiffs-appellees, Victoria Mells and Rashida Berry, filed a civil action for negligence against the defendant-appellant, Paula Seramone–Isaacs, as a result of a motor vehicle accident. The jury awarded Rashida Berry $25,000 and awarded her husband, Larry Piper, $1,000 for loss of consortium. We have concluded that those judgments must be affirmed.

### Defendant's "Theory" Excluded

In this appeal, the defendant contends that the trial judge's rulings on the plaintiffs' motion *in limine* prevented the defendant from presenting her theory of the case to the jury, to wit: "a very minimal impact had occurred between the parties' vehicles, which has caused the plaintiff [Rashida Berry], at most, minimal muscle strain." According to the defendant, that theory was developed by way of expert analysis and would have been presented by expert opinions from Peter A. Cripton, Ph.D. and David C. Stephens, M.D. The defendant represents that "Dr. Cripton's

analysis depended in significant part upon his evolution of post-accident photographs of the parties' vehicles. Likewise, Dr. Stephens reviewed and relied on [the same photographs]."

## Motion in Limine

The Superior Court granted the plaintiffs' multi-faceted pretrial motion *in limine*. The trial judge excluded the testimony of the defendant's biomechanical expert, Peter A. Cripton, Ph.D., in its entirety. In addition, the trial judge limited the testimony of the defense medical expert, Dr. Stephens, by directing that he not mention either damage to the plaintiffs' vehicle or the absence of air bag deployment. The trial judge also excluded all photographs of the damaged vehicle. Finally, the trial judge limited the permissible scope of the proffered testimony of the defendant.

The plaintiffs' motion *in limine* was presented in open court in the presence of a court reporter. The defendant acknowledges, however, that there is no record of either the parties' arguments or the trial judge's ruling on the motion *in limine*. Apparently, the parties neither requested nor did the trial judge direct the court reporter to take down the arguments and the ruling. Unaware that the proceedings on the motion *in limine* had not been recorded, the trial judge simply memorialized his rulings in a short order. On appeal, the defendant has presented this Court only with what purports to be an unsigned copy of that order.

## Issues on Appeal

The defendant has raised four issues on appeal, and all of them relate to the trial judge's rulings on the plaintiffs' motion *in limine*. The defendant's first contention is that the trial judge committed an error of law and also abused his discretion when he completely precluded her biomechanical engineering expert, Dr. Peter Cripton, from testifying. Second, the defendant argues that the trial judge committed an error of law and also abused his discretion when he precluded her medical expert, Dr. David Stephens, from testifying about certain portions of his expert opinion. Third, the defendant submits that the trial judge abused his discretion when he precluded the defendant, Paula Isaacs, from testifying that there was minimal impact when she struck Victoria Mells' vehicle. Finally, according to the defendant, the trial judge abused his discretion because his rulings collectively eliminated the defendant's theory of the case on the morning of trial.

In this appeal, the defendant seeks to have this Court apply our decisions in *Davis v. Maute*,[1] *Mason v. Rizzi*[2] and *Eskin v. Carden*,[3] to issues involving the admissibility of crash vehicle photographs and the expert testimony proffered by the defendant's medical doctor and biomechanical engineer. The trial in this matter took place after this Court's decision in *Davis v. Maute*, but before this Court's decisions in *Mason v. Rizzi* and *Eskin v. Carden*. The defendant argues that the trial judge failed to apply Delaware Rule of Evidence 702. The defendant further submits that the trial judge misconstrued the holdings of this Court in *Davis v. Maute*[4] and the Superior Court's decision in *Rizzi v. Mason*[5] that was pending on appeal at the time of trial and subsequently affirmed by

1. *Davis v. Maute,* 770 A.2d 36 (Del.2001).

2. *Mason v. Rizzi,* 843 A.2d 695 (Del.2004).

3. *Eskin v. Carden,* 842 A.2d 1222 (Del.2004).

4. *Davis v. Maute,* 770 A.2d 36 (Del.2001).

5. *Rizzi v. Mason,* 799 A.2d 1178 (Del.Super.Ct.2002).

this Court.[6]

## Inadequate Appellate Record

Supreme Court Rules 9(e)(ii) and 14(e) "direct all parties to order a transcript and to include in their appendix those portions of the record which are relevant to any claims on appeal."[7] The record provided to this Court by an appellant " 'must include a transcript of all evidence relevant to the challenged finding or conclusion.' "[8] Our rules also place the burden upon the appellant of producing " 'such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred.' "[9]

In this case, the defendant, as the appellant, had the burden of providing this Court with a transcript of the pretrial hearing on the plaintiffs' motion *in limine* so that this Court has " 'a fair and accurate account of the context in which the claim of error occurred.' "[10] It is undisputed that there is no transcript of the pretrial hearing at which the plaintiffs' pretrial motion *in limine* was presented and ruled upon. Therefore, this Court has no adequate basis for evaluating the merits of the defendant's claims on appeal.[11]

The defendant submits that she was unable to provide a transcript of the hearing and ruling on the plaintiffs' motion *in limine* because the court reporter did not record the proceeding. Where no transcript is made of a proceeding, Rule 9(g) of this Court provides the appellant with a remedy. That subsection states:

(g) *Record in lieu of transcript.* In any case in which the testimony or other pertinent matter has not been stenographically recorded, any factual material which shall be necessary to the disposition of the issues may be certified by the trial court, and, when filed with the clerk of that court shall become part of the record. In any such case, the matter so incorporated in the record shall be so prepared as to present only the rulings of the trial court on matters of law and shall contain only such statements of fact as may be necessary to review those rulings. The parties may enter into a stipulation as to the substance of testimony or other proceedings as may be essential to a decision of the issues to be presented on the appeal, whether or not a stenographic record has been made. The stipulation shall be approved by the judge of the trial court and certified to this Court in lieu of a transcript and without the necessity of the directions required under subparagraphs (ii) and (iii) of paragraph (e) above. Delay in the preparation of such statement shall not enlarge any of the time periods established hereunder.

In this appeal, the defendant did not utilize the provisions in Rule 9(g) that permit the filing of a certification from the trial court or a stipulation approved by the trial judge. Although Rule 9(g) procedures are not mandatory, without a record of the hearing and the trial judge's ruling on the plaintiffs' motion *in limine*, we are

6. *Mason v. Rizzi*, 843 A.2d 695 (Del.2004).

7. *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

8. *Id.*

9. *Id.*

10. *Id.*

11. *Slater v. State*, 606 A.2d 1334, 1336–37 (Del.1992); *Tricoche v. State*, 525 A.2d 151, 154 (Del.1987). *See also Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714 (7th Cir.2003).

unable to review the issues raised by the defendant in this appeal.[12] All of the defendant's claims of error on appeal are inextricably intertwined with the unrecorded hearing and ruling on the plaintiffs' motion *in limine.* The record which does exist reflects that whenever the defendant asked the trial judge to modify his prior rulings, during the course of trial, the rationale of the unavailable decision on the motion *in limine* was determinative.

## Conclusion

■ It is the appellant's responsibility to provide this Court with a record of the trial proceedings that are relevant to the claims of error raised on appeal.[13] The appellant must bear the consequence of not discharging that duty.[14] In the absence of a record to review, it is impossible for this Court to discharge its appellate function and determine whether there was either an error of law or an abuse of discretion in any of the trial judge's rulings on the plaintiffs' motion *in limine.* Accordingly, the judgments of the Superior Court must be affirmed.

---

12. *Slater v. State,* 606 A.2d 1334, 1336–37 (Del.1992) and *Tricoche v. State,* 525 A.2d 151, 154 (Del.1987). *See also Barilaro v. Consolidated Rail Corp.,* 876 F.2d 260 (1st Cir. 1989); *Sil–Flo v. SFHC,* 917 F.2d 1507 (10th Cir.1990).

13. Supreme Court Rules 9(e)(ii) and 14(e).

14. *Slater v. State,* 606 A.2d 1334, 1336–37 (Del.1992) and *Tricoche v. State,* 525 A.2d 151, 154 (Del.1987). *Accord United States v. First National Bank,* 691 F.2d 386 (8th Cir. 1982).