IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| H. PRESTON HAYWARD and CORA L. HAYWARD, | § § § | No. 202, 2015 |
| Defendants Below, Appellants, | § § § § § | Court Below–Superior Court of the State of Delaware in and for New Castle County |
| v. | § § | C.A. No. N13C-07-232 |
| WILLIAM J. KING and DIANE HAGY-KING, | § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: August 28, 2015
Decided: November 9, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

**O R D E R**

This 9th day of November 2015, upon consideration of the briefs of the parties and the Superior Court record, it appears to the Court that:

(1) This appeal is from the Superior Court's decision in a civil action between next-door neighbors over a shared property line. After a bench trial, the Superior Court ruled in favor of the plaintiffs, William King and Diane Hagy-King, on their claims for a declaratory judgment and ejectment and on their application for fees and costs. The defendants, Preston and Cora Hayward, have appealed the Superior Court's bench trial rulings, verdict, and order on fees and costs.

(2)     The disagreement between the Kings and the Haywards arose during the summer of 2012 when the Kings came to believe that a fence installed by the Haywards was encroaching on the Kings' property.  The disagreement escalated into an acrimonious dispute, which led to the filing of criminal charges in the Court of Common Pleas[1] and to this Superior Court civil action filed by the Kings in July 2013.  The Kings were represented by counsel until mid-September 2014, when their counsel was granted leave to withdraw.  The Haywards appeared *pro se* throughout the Superior Court proceedings.

(3)     The record reflects that, in August 2013, the Kings served the Haywards with requests for production of documents and for permission to survey the Haywards' property as necessary to advance the action.  When the Haywards denied any obligation or intention to respond to discovery and did not respond, the Haywards filed a motion to compel.  The Haywards did not appear at the hearing on the motion to compel.  By order dated October 14, 2013, the Superior Court granted the motion and gave the Haywards

---

[1] From the Court of Common Pleas case dockets in Cr. ID Nos. 1210011882, 1305023638, and 1305018619, the Court takes judicial notice that Mr. Hayward was arrested and charged with Harassment in October 2012 and with noncompliance of bond in May 2013.  Mr. King was arrested and charged with Harassment, Criminal Mischief, and Criminal Trespass in May 2013.  After a failed attempt at mediation, all charges were dismissed in May 2014.

2

thirty days to answer all written discovery and provide written permission to survey the property. Unfortunately, the Haywards did not comply with the October 14 order. Instead, two days before the thirty-day deadline, the Haywards moved for a protective order, which would relieve them from having to respond to the requests for discovery. The Kings filed a response to the motion for a protective order and moved for sanctions.

(4) After a hearing on December 9, 2013, the Superior Court issued an order denying the motion for a protective order, finding that the Kings' "filings in this matter have been wholly proper." The court ordered the Haywards to provide written answers to discovery and directed the Kings' counsel to notify the court if, after reviewing the response, a survey still was needed. The court held the motion for sanctions in abeyance pending the submission of a detailed list of the Kings' litigation costs.

(5) By letter dated December 16, 2013, counsel requested that the Superior Court issue an order granting permission to retain a professional surveyor to conduct a survey, take photographs, and stake the shared boundary between their property and the Haywards' property. The Haywards opposed the request. After a hearing on January 27, 2014, the Superior Court issued an order that granted the request and provided that the

3

costs for the survey would be paid by the Kings with leave to request reimbursement at a later point.

(6) When the survey was completed, the Kings moved for a partial summary judgment on their claims for a declaratory judgment and ejectment. The Superior Court directed a response to the motion and scheduled the motion for oral argument, which prompted the Haywards to file repetitive requests for an extension of time to submit the response and for a continuance of the oral argument date. Following oral argument, the Superior Court denied the summary judgment motion "for the reasons set forth on the record" and set up a scheduling conference for trial.

(7) At the pretrial conference in September 2014, the Superior Court amended the parties' pretrial stipulation to reflect that the Kings had withdrawn their claims of physical and emotional injury and for medical expenses. Also, the Superior Court struck the Kings' claim that the Haywards were obstinate in their rejection of "any *bona fide* attempt to resolve the situation" and the Haywards' counterclaims for loss of capital investment, trespass, slander, intimidation, false accusations, property destruction, and physical and emotional injury. The court took under advisement the parties' cross-claims for monetary sanctions for alleged improper litigation conduct.

(8) The Superior Court held a bench trial on October 9, 2014 and issued its verdict on November 24, 2014. The Superior Court ruled in favor of the Kings and issued a declaratory judgment and order of ejectment, finding that the Kings were the record owners and out of possession of the 0.7 foot strip of land enclosed by the Haywards' fence. The Superior Court ordered the Haywards to remove the fence.

(9) After the fence was removed, the Superior Court directed the parties to submit their applications for attorney's fees and costs. By order dated April 9, 2015, the court denied the Haywards' application and partially granted the Kings' application. The court noted that its award on fees and costs included a sanction for the Haywards' discovery violations. This appeal followed.

(10) On appeal, the Haywards contend that the Superior Court erred when i) amending the pretrial stipulation to eliminate their counterclaims; ii) admitting expert witness testimony; and iii) denying their affirmative defense of adverse possession. The Haywards also challenge the order on fees and costs, claiming that the sanction was unwarranted, that the fees requested were excessive, and that the award improperly included fees incurred by the Kings in connection with the Court of Common Pleas criminal case.

(11) This Court reviews the Superior Court's findings of facts for abuse of discretion and the court's legal conclusions *de novo*.[2] We review the order on fees and costs for abuse of discretion.[3]

(12) Appellate review is limited in this case due to the Haywards' failure to provide the Court with the transcript of the Superior Court's proceedings.[4] As the appellants, the Haywards were required to order the transcript "of all evidence relevant to the challenged finding or conclusion" "to give this Court a fair and accurate account of the context in which the claim of error occurred."[5]

(13) Without the bench trial transcript, the Court is unable to evaluate the merit of the Haywards' claim challenging the expert witness' testimony and the adverse possession claim, which the Superior Court concluded was without merit based on the parties' trial testimony. Also, having considered the available record and the parties' briefs, the Court concludes that the Haywards have not demonstrated that the Superior Court erred when striking their counterclaims from the pretrial stipulation.

---

[2] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

[3] *Black v. Staffieri*, 2014 WL 814122, at *3 (Del. Feb. 27, 2014) (citing *William Penn P'ship v. Saliba*, 13 A.3d 749, 758 (Del. 2011)).

[4] *Seramone-Isaacs v. Mells*, 873 A.2d 301, 304 (Del. 2005) (citing *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

[5] Del. Supr. Ct. R. 14(e).

Without the transcript, the Court has no idea if the Haywards objected to the exclusion of the claims. And having reviewed for plain error,[6] we find no error from the exclusion of claims that the court apparently found were not germane to the underlying declaratory judgment and ejectment action.[7]

(14) The Court also finds no basis to disturb the order on fees and costs. The Superior Court is required to determine the reasonableness of a request for attorney's fees and did so in this case.[8] After analyzing the reasonableness of the Kings' request, the Superior Court awarded $1,479.70 in expert witness fees and $24,244.00 in attorney's fees and related litigation costs, noting that the latter amount included an appropriate sanction for the Haywards' discovery violations. The Court finds no support for the Haywards' conclusory claim that the award of fees and costs includes the Kings' attorney's fees in the Court of Common Pleas criminal case.

(15) Although the general rule is that parties bear their own litigation fees and expenses, there are exceptions to the rule that apply in this

---

[6] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (providing that plain error is error that is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process").

[7] *See* Del. Super. Ct. Civ. R. 12(f) (providing that the court may strike immaterial matter from any pleading); *Deutsche Bank Nat. Tr. Co. v. Goldfeder*, 2014 WL 7692441, at *4 (Del. Super. Dec. 9, 2014) (dismissing counterclaim unrelated to subject matter of action), *aff'd*, 86 A.3d 1118 (Del. 2014).

[8] *Mahini v. EDIX Media Group, Inc.*, 935 A.2d 242, 245 (Del. 2007).

case.[9] The Superior Court has the authority to award fees and costs and impose sanctions for a party's excessively litigious conduct and when a party's conduct necessitates a motion to compel.[10] Also, in a declaratory judgment proceeding the court "may make such award of costs as may seem equitable and just."[11]

(16) In this case, the available record fairly reflects that the Haywards engaged in an exasperating course of conduct throughout the Superior Court proceedings that unnecessarily prolonged the litigation and caused increased fees and costs. In what should have been a straightforward case, the Superior Court was required to hold three hearings to address problems caused by the Haywards' refusal and avoidance of the Kings' reasonable requests for discovery. Also, the Haywards' persistent disregard of procedural rules and orders interfered with the orderly and efficient administration of justice for all involved.

---

[9] *Blue Hen Mech., Inc. v. Christian Bros. Risk Pooling Tr.*, 117 A.3d 549, 559 (Del. 2015).

[10] *Id*. at 558-60. *Accord Cebenka v. Upjohn*, 559 A.2d 1219, 1226 (Del. 1989) (holding that the Superior Court has the inherent authority to impose sanctions for violations of orders entered under Rule 16); *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 545-46 (Del. 1998) (applying "bad faith" exception to general rule that parties bear their own litigation fees and expenses); *Burge v. Fidelity Bond and Mortg. Co.*, 648 A.2d 414, 421-22 (Del. 1994) (noting exception to the general rule on fees and costs when the circumstances of an individual case mandate that the court, in its discretion, assess counsel fees).

[11] 10 *Del. C.* § 6510.

(17) Although *pro se* litigants are afforded some leniency in presenting their cases, as the Haywards were in this case, *pro se* litigants must abide by the same rules that apply to all other litigants and must comply with the orders of the court.[12] Under the circumstances as reflected in the available record, and under the abuse of discretion standard of review, this Court cannot say that the Superior Court's order of fees and costs was arbitrary, capricious, or clearly wrong.[13]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[12] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

[13] *Chavin v. PNC Bank*, 873 A.2d 287, 289 (Del. 2005).

9