IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE PARHAM, | § | No. 456, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1407016217 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 1, 2015
Decided: November 16, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

### ORDER

This 16th day of November 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm under Supreme Court Rule 25(a), it appears to the Court that:

(1) The appellant, George Parham, filed this appeal from the Superior Court's denial of his motion for correction of illegal sentence. The State has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Parham's opening brief that the appeal is without merit. We agree and affirm.

(2) On September 2, 2014, Parham was indicted for Driving under the Influence of Alcohol ("DUI") in violation of title 21, section 4177(a) of the Delaware

Code.[1] In conjunction with the indictment, the Attorney General filed a "Notice of DUI Felony Prosecution" stating that, upon Parham's conviction of DUI, the State would seek enhanced sentencing of Parham as a repeat offender under section 4177(d)(3) – (7).[2] After a one-day jury trial on January 27, 2015, Parham was convicted of DUI Fifth Offense and was sentenced under section 4177(d)(5) to five years at Level V suspended after eighteen months for three months at Level IV followed by decreasing levels of probation.[3] Parham did not appeal the conviction or sentence.

(3) On June 24, 2015, Parham filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), claiming that the Superior Court relied upon "incorrect information" when determining that he was eligible for sentencing as a five-time DUI offender. Parham claimed that he was only a three-time offender, which carried a lesser sentence.[4] Parham contended that although his driving record included two previous convictions for Reckless Driving, alcohol

---

[1] 21 *Del. C.* § 4177(a).

[2] *See* 21 *Del. C.* § 4177(d)(3) – (7) (providing penalties for felony-level DUI third through seventh offense).

[3] *See* 21 *Del. C.* § 4177(d)(5) ("For a fifth offense occurring any time after 4 prior offenses, be guilty of a class E felony, be fined not more than $10,000 and imprisoned not less than 3 years nor more than 5 years.")

[4] *See* 21 *Del. C.* § 4177(d)(3) ("For a third offense occurring at any time after 2 prior offenses, be guilty of a class G felony, be fined not more than $5,000 and be imprisoned not less than 1 year nor more than 2 years.").

related, in 1997 and 1999, only his two previous convictions for DUI in 2001 and 2004 should have counted as previous convictions for sentencing purposes under section 4177(d). By order dated July 29, 2015, the Superior Court denied the motion for correction of illegal sentence as time-barred and as without merit.[5] This appeal followed.

(4) Although the issue is not raised on appeal, the Court notes that Parham's motion for correction of illegal sentence was properly denied as time-barred. The Superior Court may correct an illegal sentence "at any time," but a sentence "imposed in an illegal manner" may be corrected only within ninety days of sentencing, unless the court determines there are extraordinary circumstances.[6] In this case, Parham did not claim that the sentence imposed was illegal for a five-time offender, and he conceded that it was not. Rather, Parham claimed that the Superior Court erroneously concluded, based on "incorrect information," that he was a five-time offender and sentenced him in an illegal manner accordingly. As a result, Parham was required to file the motion for correction of illegal sentence within ninety days of the date the sentence was imposed.[7] When denying Parham's motion

---

[5] The Court notes that the Superior Court mistakenly construed the motion for correction of illegal sentence as a motion for reduction or modification of sentence.

[6] Del. Super. Ct. Crim. R. 35(a), (b).

[7] *See Wilson v. State*, 2006 WL 1291369, at * 3 (Del. May 9, 2006) (concluding that a Rule 35(a) motion for correction of illegal sentence alleging that a sentence was based on disputed facts must be filed within ninety days of the imposition of sentence, absent extraordinary circumstances).

for correction of illegal sentence, the Superior Court found a lack of extraordinary circumstances and properly concluded that the motion was time-barred.

(5) Without the necessary transcript, which was not ordered for the appeal and is not otherwise included in the record, the Court is unable to review Parham's claim that the Superior Court was given incorrect information at sentencing. Parham was required to order any transcript "relevant to the challenged finding or conclusion" "to give this Court a fair and accurate account of the context in which the claim of error occurred."[8] Parham's failure to order the sentencing transcript precludes appellate review of the claim.[9]

(6) For the reasons we have explained, Parham's claim that he was sentenced based on incorrect information is not properly before us. But, even if it were, the claim that he was illegally sentenced is without merit. Reckless Driving, alcohol related, is a violation of 21 *Del. C.* § 4175(b).[10] A conviction under section 4175(b) constitutes a previous conviction for purposes of imposing sentence under section 4177(d).[11] Parham's two convictions for Reckless Driving, alcohol related,

---

[8] Del. Supr. Ct. R. 14(e).

[9] *Seramone-Isaacs v. Mells*, 873 A.2d 301, 304 (Del. 2005) (citing *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

[10] 21 *Del. C.* § 4175(b).

[11] *See* 21 *Del. C.* § 4177B(e)(1)a (defining a "previous or prior conviction or offense" as "[a] conviction or other adjudication of guilty or delinquency pursuant to § 4175(b) or § 4177 of this title").

4

in 1997 and 1999 and his two convictions for DUI in 2001 and 2004 qualified him for sentencing as a five-time offender.

(7) Parham raises a claim on appeal that he did not raise in his motion for correction of illegal sentence. According to Parham, the Superior Court did not conduct a statutorily-required hearing to determine whether, and to what extent, he was subject to sentencing as a repeat offender. Because Parham did not raise the claim in his motion for correction of illegal sentence, we have reviewed the claim for plain error.[12]

(8) The hearing Parham refers to is found in section 4177(11), which provides:

> A person who has been convicted of prior or previous offenses of this section, as defined in § 4177B(e) of this title, need not be charged as a subsequent offender in the complaint, information or indictment against the person in order to render the person liable for the punishment imposed by this section on a person with prior or previous offenses under this section. However, if at any time after conviction and before sentence, it shall appear to the Attorney General or to the sentencing court that by reason of such conviction and prior or previous convictions, a person should be subjected to paragraph (d)(3), (d)(4), (d)(5), (d)(6) or (d)(7) of this section, the Attorney General shall file a motion to have the defendant sentenced pursuant to those provisions. If it shall appear to the satisfaction of the court at a hearing on the motion that the defendant falls within paragraph (d)(3), (d)(4), (d)(5),

---

[12] Del. Supr. Ct. R. 8. *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (providing that plain error is error that is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process").

(d)(6) or (d)(7) of this section, the court shall enter an order declaring the offense for which the defendant is being sentenced to be a felony and shall impose a sentence accordingly.[13]

(9)    Under plain error review, the Court concludes that Parham has not demonstrated that he was entitled to, or prejudiced by the lack of, a separate hearing under section 4177(11) to determine whether, and to what extent, he was subject to sentencing as a repeat offender. In addition to the Attorney General's Notice of DUI Felony Prosecution that was filed in conjunction with the indictment, the record reflects that Parham had ample notice that the State intended to seek a conviction of and sentence for DUI Fifth Offense.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[13] 21 *Del. C.* § 4177(11).