IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERTO WENDT, | § | |
| | § | No. 401, 2019 |
| Respondent Below, | § | |
| Appellant | § | Court Below: Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 12178-JRS |
| STEELCOME LIMITED and | § | |
| RICHARD HEINDL, | § | |
| | § | |
| Petitioner Below, | § | |
| Appellees. | § | |

Submitted:  March 18, 2020
Decided:     May 26, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

**O R D E R**

This 26th day of May, 2020, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     This is an appeal from three orders issued by the Court of Chancery, all of which concern the rights and scope of authority granted to a liquidating trustee appointed by the court.

(2)     Appellant Roberto Wendt and Appellee Richard Heindl (Steelcom Limited, the other party in this appeal, is an entity whose name has been used interchangeably with Heindl in these proceedings) each owned a 34.5% interest in PilePro LLC.  The remaining 31% was owned by other investors.

1

(3)     PilePro LLC's LLC Agreement designated an entity called PilePro Inc. as its managing member and gave PilePro Inc. the sole and exclusive power to control and manage PilePro LLC.  Wendt and Heindl each own 50% of PilePro Inc.  Thus, if Wendt and Heindl cannot agree, PilePro Inc. is unable to take any action as the managing member of PilePro LLC.

(4)     PilePro LLC's LLC Agreement cannot be amended except by an 80% vote of its constituent members.  Because Wendt and Heindl each own 34.5% of PilePro LLC, neither Wendt nor Heindl can amend the LLC Agreement to remove PilePro Inc. as the managing member without the other's consent.  As a result, unless Wendt and Heindl can agree, PilePro LLC cannot take action in accordance with its operating agreement's governance provisions.

(5)     Wendt and Heindl have "a long history of intractable disagreements and dysfunction" and "are unable to agree upon whether to discontinue [PilePro LLC] or how to dispose of its assets."[1]  Accordingly, the Court of Chancery ordered the dissolution of PilePro LLC[2] and granted Heindl's motion for appointment of a liquidating trustee.[3]  The order granting Heindl's motion for appointment of a

---

[1] Order Granting Partial Summary Judgment and Default Judgment, C.A. No. 12178-VCS, Dkt. No. 187 (Del. Ch. Sep. 7, 2018).

[2] *Id.*

[3] Transcript of Telephonic Oral Argument and Rulings of the Court on Respondents' Motion for Relief from Order granting Partial Summary Judgment and Default Judgment and Petitioners' Motion for Appointment of a Liquidating Trustee, C.A. No. 12178-VCS, Dkt. No. 219 (Del. Ch. Oct. 10, 2018).

liquidating trustee stated that the purpose of the trustee was to "prosecut[e], defend[], and/or settl[e], on behalf of Respondents PilePro LLC and PilePro Inc., any and all ongoing litigation involving Respondents . . . ."[4] The litigation specified in the order did not include the litigation disputes between Wendt and Heindl, but, rather, involved PilePro LLC and third parties.

(6)     The court then appointed David A. White, Esquire as the liquidating trustee (the "Trustee").[5] The Order Appointing Liquidating Trustee, which, in all respects that are relevant to this appeal, was drafted by Heindl and Wendt,[6] provided that the Trustee had the power to "[a]ssume control over the Companies [PilePro LLC and PilePro Inc.] in any existing proceeding" and was "authorized and empowered . . . to carry out all powers hereunder . . . ."[7] The Order also provided that the Trustee's compensation and "[r]easonable travel and other expenses . . . shall

---

[4] Ex. A. to Opening Br. at 3.

[5] Ex. B. to Opening Br. at 1.

[6] After Wendt and Heindl submitted competing orders, Wendt took issue with certain provisions of Heindl's proposed Order Appointing Liquidated Trustee—particularly the provision that provided for the "indemnification and advancement" of fees and the provision that Heindl and Wendt would split the Trustee's reasonable expenses should PilePro LLC and PilePro Inc. not have sufficient funds to pay them. Letter to The Honorable Joseph R. Slights, III from Petitioners' Counsel Enclosing Proposed Order Granting the Expedited Motion of Petitioners Steelcom Limited and Richard Heindl for Appointment of a Liquidating Trustee Pursuant to 6 Del. C. Sec. 18-803(a) and 8 Del. C. Sec. 226(a)(2) and Denying Respondents' Motion for Relief from Order Granting Partial Summary Judgment and Default Judgment and Proposed Order Appointing a Liquidating Trustee, C.A. No. 12178-VCS, Dkt. No. 215 (Del. Ch. Oct. 16, 2018). Wendt did not take issue with the language defining the scope of the Trustee's authority.

[7] Id. at 2–3.

3

be paid . . . from the accounts of [PilePro LLC and PilePro Inc.], and to the extent a shortfall exists, then equally split by [Heindl and Wendt]."[8]

(7)     The Trustee then hired his own law firm to represent PilePro LLC in its litigation.  According to Wendt, the law firm assembled an "18-member team"[9] and, over the course of three months, billed $216,491.26 in attorneys' fees and expenses.[10] Because PilePro LLC was insolvent, the Trustee sought payment from Wendt and Heindl in accordance with the terms of the Order.  Both Wendt and Heindl protested the fees, claiming that the Trustee did not have authority to appoint new counsel and that the fees were unreasonable.  After a telephonic hearing, the Court of Chancery held that the Trustee was empowered to retain new counsel, but reduced the fees to "an even $150,000"[11] because, among other things, the Trustee had taken steps to wind up PilePro LLC when it was only empowered to deal with the litigation involving PilePro LLC.[12]

(8)     Wendt appeals the order granting Heindl's motion to appoint a liquidating trustee, the Order Appointing a Liquidating Trustee, and the order allowing the compensation of the Trustee.[13]  Wendt makes three arguments: (1) that

---

[8] *Id.* at 5–6.
[9] Opening Br. at 8.
[10] Transcript of Telephonic Oral Argument and Rulings of the Court on Liquidating Trustee's Motion for Order Allowing Compensation for Services Rendered and for Reimbursement of Expenses, C.A. No. 12178-VCS, Dkt. No. 262 at 45 (Del. Ch. Aug. 12, 2019).
[11] *Id.* at 51.
[12] *Id.* at 50.
[13] Roberto Wendt's Notice of Appeal, No. 401, 2019, Dkt. No. 1 (Del. Sep. 19, 2019).

the order requiring Wendt and Heindl to be responsible for fees should PilePro LLC be unable to pay improperly pierces the corporate veil; (2) that the Trustee exceeded the scope of his authority under the Order Appointing Liquidating Trustee by hiring new lawyers when PilePro LLC and PilePro Inc. were already represented by counsel; and (3) that the fees awarded were neither reasonable nor appropriate. For the reasons that follow, we find none of these arguments to be persuasive.

(10) The first argument was addressed in a January 20, 2016 post-trial order of the United States District Court for the Western District of Texas, Austin Division, which oversaw litigation between Wendt and Heindl regarding "the allegedly fraudulent transfer of patents from one company owned by Wendt and Heindl to another company owned by Wendt and Heindl."[14] The district court found that Wendt and Heindl "established PilePro LLC, a limited liability company in name only. The two men disregarded corporate formalities in favor of operating PilePro LLC as a partnership, with each accessing the company's assets for their own use and benefit."[15] Although this order does not bar us from reconsidering this finding of fact on collateral-estoppel grounds because the fact was not necessary to the

---

[14] Ex. A. to Liquidating Trustee David A. White, Esq.'s Motion for Order Allowing Compensation for Services Rendered and for Reimbursement of Expenses, C.A. No. 12178-VCS, Dkt. No. 240, at 2 (Del. Ch. Feb. 5, 2019).
[15] *Id.*

5

district court's ruling,[16] Wendt does not challenge the court's factual finding. Rather, he alleges that no facts were pleaded and that the Court of Chancery made no factual findings regarding this issue.

(11) We cannot discern whether the Court of Chancery made any factual findings from the record before us. Wendt claims he preserved this issue for appeal in his motion for reargument before the Court of Chancery.[17] The motion for reargument, however, was denied in an in-court status conference, which, according to the relevant judicial action form, resulted in an oral ruling on the record.[18] For the substance of the oral ruling, the judicial action form refers interested parties to the transcript—a transcript that was not designated by Wendt and is therefore unavailable for us to review.

(12) "Supreme Court Rules 9(e)(ii) and 14(e) 'direct all parties to order a transcript and to include in their appendix those portions of the record which are relevant to any claims on appeal.'"[19] The appellant has "the burden of producing 'such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred[,]' and the record

---

[16] *Messick v. Star Enter.*, 655 A.2d 1209, 1211 (Del. 1995) ("Under the doctrine of collateral estoppel, if a court has decided an issue of fact necessary to its judgment, that decision precludes relitigation of the issue in a suit on a different cause of action involving a party to the first case.").

[17] Opening Br. at 12 (citing App. to Opening Br. at A-400).

[18] Judicial Action Form, C.A. No. 12178-VCS, Dkt. No. 234 (Del. Ch. Dec. 18, 2018).

[19] *Seramone-Isaacs v. Mells*, 873 A.2d 301, 304 (Del. 2005) (quoting *Tricoche v. State*, 525 A.2d 151, 154 (Del.1987)).

'must include a transcript of all evidence relevant to the challenged finding or conclusion.'"[20] Without the transcript of the Court of Chancery's oral ruling on Wendt's motion for reargument, we are left without "a fair and accurate account of the context in which the claim of error occurred," including whether the Court of Chancery made factual findings relevant to the issue.[21] We therefore are unable to evaluate the merits of this claim on appeal.

(13) Wendt's second argument—that the Trustee exceeded the scope of his authority—is a question of law, because it concerns the interpretation of the language of an order, and is reviewed *de novo*.[22] We note that the order's language is, as the Court of Chancery observed, very broad—it gives the Trustee the power to "[a]ssume control over the Companies [PilePro LLC and PilePro Inc.] in any existing proceeding" and "authorize[s] and empower[s] [the Trustee] . . . to carry out all powers hereunder . . . ."[23] The power to assume control of the Companies carried with it the power to appoint counsel for the Companies—which the Trustee did. Besides, a necessary predicate of Wendt's argument that such power was not included is that the order's language is ambiguous. But because this language was

---

[20] *Tricoche*, 525 A.2d at 154 (quoting Del. R. Sup. Ct. 9(e)(ii) and 14(e)).
[21] Del. R. Sup. Ct. 14(e).
[22] Interpretation of language in statutory and contractual contexts is also subject to *de novo* review. *City of Wilmington v. Nationwide Ins. Co.*, 154 A.3d 1124, 1127 (Del. 2017); *GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 779 (Del. 2012)
[23] Ex. B. to Opening Br. at 2–3.

7

drafted by and agreed upon by the parties—Heindl and Wendt[24]—and not the Trustee, we construe the ambiguity against them which leads to the same result.

(14) Wendt's third and final argument, which challenges the reasonableness of the Trustee's fees, is reviewed under an abuse-of-discretion standard.[25] Wendt argues that, in determining fees, the Court of Chancery should have assigned "the greatest weight to the benefit achieved by the litigation,"[26] under *Sugarland Indus., Inc. v. Thomas*[27] and *Americas Mining Corp. v. Theriault*,[28] and that, had it done so, it would have concluded that the fees were unreasonable.

(15) Wendt's reliance on the *Sugarland* factor— the benefits achieved—as applied in *Theriault* is misplaced. *Sugarland* and *Theriault* are both common-fund cases. "Under the common fund doctrine, a litigant or a lawyer who recovers a common fund *for the benefit of persons other than himself or his client* is entitled to a reasonable attorney's fee from the fund as a whole. The common fund doctrine . . . is founded on the equitable principle that those who have profited from litigation should share its costs."[29] In such cases, the attorneys' fees are calculated

---

[24] We reiterate that although Wendt contested other provisions of the order proposed by Heindl and accepted by the Court of Chancery, he did not contest the provisions concerning the scope of the Trustee's authority.

[25] *Gannett Co. v. Bd. Of Managers of the Delaware Criminal Justice Info. Sys.*, 840 A.2d 1232, 1240 (Del. 2003).

[26] Opening Br. at 22.

[27] 420 A.2d 142 (Del. 1980).

[28] 51 A.3d 1213 (Del. 2012).

[29] *Id.* at 1252–53 (emphasis added).

8

based on the several factors, with "the greatest weight [allocated] to the benefit achieved in litigation"—because the reason for granting attorneys' fees is that the common fund recovered benefits from the attorneys' actions despite not being the attorneys' clients.[30]

(16)   That is not the case here.  The Trustee did not recover any benefit for non-clients who would therefore be equitably required to share in the costs of recovering those benefits; rather, he is seeking an allowance for costs incurred defending his own principal in litigation.  When dealing with trustees, "the usual rule [is] that trustees who defend litigation against the trust are entitled to look to the trust for reimbursement of that expense."[31]   That usual rule explicitly applies here, as provided by the Order Appointing Liquidating Trustee.[32]   Whether the Trustee's fees incurred in defending PilePro Inc. and PilePro LLC were reasonable is instead entrusted to the broad discretion of the Court of Chancery.[33]

(17)   We are satisfied that the Court of Chancery's fee allowance was not an abuse of discretion. In this regard, the court appropriately recognized the challenges presented to the Trustee as he stepped into a contentious situation. And the court's

---

[30] *See Sugarland*, 420 A.2d at 150 (agreeing with the Court of Chancery's determination "that petitioners are entitled to a fair percentage of the benefit inuring to Sugarland and its stockholders [the common fund]").
[31] *McNeil v. McNeil*, 798 A.2d 503, 515 (Del. 2002).
[32] The Order provides that the Trustee's compensation and "[r]easonable travel and other expenses . . . shall be paid . . . from the accounts of [PilePro LLC and PilePro Inc.], and to the extent a shortfall exists, then equally split by [Heindl and Wendt]." Ex. B. to Opening Br. at 5–6.
[33] *Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 547 (Del. 1998).

conclusion that "both parties . . . severely underestimated the responsibilities the [T]rustee was asked to take on and have grossly undervalued the services he and his firm provided"[34] is supported by the record. Likewise, we find no fault in the court's finding that "much of the work that was performed on behalf of the Companies as defined in the order would have had to be performed by some lawyer at some law firm. The difficulty here is the lack of efficiency that flows from bringing a new set of lawyers up to speed . . . ." [35] To be sure, the Trustee's initial request outstripped Wendt's and Heindl's expectations, especially in light of the work to be done. But we take the court's reduction of the requested fees by over 30%—from over $216,000 to $150,000—to have responded to Wendt's concerns. And while another trial judge might have considered a closer haircut to be in order, we cannot say that a more severe cut was required to bring the court's award within the bounds of reason.

---

[34] Wendt and Heindl both told the court that they expected only 50 hours of work and $25,000 in fees and expenses. Transcript of Telephonic Oral Argument and Rulings of the Court on Liquidating Trustee's Motion for Order Allowing Compensation for Services Rendered and for Reimbursement of Expenses, C.A. No. 12178-VCS, Dkt. No. 262 at 14, 40 (Del. Ch. Aug. 12, 2019).

[35] *Id.* at 47 (Del. Ch. Aug. 12, 2019).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

_/s/ Gary F. Traynor_
Justice